IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

_____

PATRICIA BREWSTER, et al.,

      Plaintiffs,

v.                              No. 11-1232-JDB-egb

WELLS FARGO BANK, N.A., et al.,

      Defendants.
_____

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

_____

On August 3, 2011, the Plaintiffs, Patricia Brewster, who is suing as grantor for the Estate of Patricia Brewster, and Edwin:El, who is suing as executor for the estate of Alloidial Asset Management, filed a *pro se* civil complaint for violation of Article I, Section 10 of the United States Constitution for impairment of contract, breach of fiduciary responsibilities, violation of truth in lending, illegal securitization, and 42 U.S.C. §§ 241 and 242 against Wells Fargo Bank, N.A. ("Wells Fargo") and Howard Adkins, former chief financial officer of Wells Fargo. (Docket Entry ("D.E.") 1.) Plaintiffs paid the civil filing fee. (D.E. 2.)[1]

---

[1] On September 6, 2011, Plaintiffs filed a notice of removal that purported to remove to federal court an action they commenced in the General Sessions Court for Hardin County, Tennessee against Wells Fargo and Adkins. (D.E. 4.) That document is of no legal force and effect. Under 28 U.S.C. §
(continued...)

This action arises out of the nonjudicial foreclosure of real property purchased by Brewster and her late husband with a loan from Wells Fargo. Plaintiffs' eighty-two-page complaint, which is largely unintelligible, purports to assert the following claims: "Defendant's [sic] Issue With Un-Reportable Income and Unpaid Federal Taxes" (Count 1, D.E. 1 at pp. 4-6); "Defendant's [sic] Issue With Illegal Securitization" (Count 2, id. at 6-7); "Defendant's Issue With Enforceability" (Count 3, id. at 7-9); "Defendant's Issue With Imposed Restrictions" (Count 4, id. at 9-11); "Defendant's Issue With Non Consent and TILA Violation on Non-Disclosure of Material Facts that Rendered the Mortgage with No Rights of Redemption" (Count 5, id. at 11-12); "Defendants [sic] Issue With No Consideration offered to Participate in an Investment Scheme that Enriched Defendants and Outside Investor Who Were Not a Part of the Initial Contract" (Count 6, *id.* at 12); "Defendant's [sic] Issue With Modification of the Mortgage Without Full Disclosure" (Count 7, id. at 12-13); "Defendant's Issue With Violations of Fraudulent Conveyance Constituting Mortgage Fraud" (Count 8, id. at 13-14); "Defendant's Issue of No Standing After

---

¹ (...continued)
1441(a),

> [e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added). The statute does not authorize a plaintiff to remove a case he himself has commenced in state court. Santiago v. Chandler, Civ. Action No. 3:06-CV-P408-S, 2006 WL 2583715, at *1 (W.D. Ky. Sept. 7, 2006).

Conversion of the Note to a Security Because Securitization Removes the Status of the Note Holder" (Count 9, id. at 14-16); "Issue With Defendant as Note Holder" (Count 10, id. at 16); "Defendant's Issue With Unauthorized Use of Exemption Theft of Credit and Title to Property" (Count 11, id. at 16-17); "Defendant's Issue With Alleged Payments by Third Party Managers" (Count 12, id. at 17-18); "Defendant's [sic] Issue With Unilateral Agreements Void of Enforceability and Authority to Foreclose" (Count 13, id. at 18-19); and "Defendant's [sic] Issue With (FASB) 95, Footnote (1)" (Count 14, id. at 19-21).

The remainder of the complaint consists of various arguments, unconnected to any cause of action, namely, (I) "Executor's Demand for Delegation of Authority of Defendant Regarding Unauthorized Administration of the Estate of Patricia Brewster" (id. at 21-22); (II) "Defendant's Violation of 18 U.S.C., Section 241, 'Conspiracy Against Rights'" (id. at 22-23); (III) "Defendant's Violation of 18 U.S.C. Section 242, Deprivation of Rights 'Under Color of Law'" (id. at 23-26); (V) "Plaintiff Alleges: No Money in Circulation") (id. at 26-27)[2]; (IV) "Plaintiffs' Demand for the Production of the Note" (id. at 27-32); (VI) "Plaintiff's Demand for Securitization Documents" (id. at 32-33); (VII) "Illegal Securitazation" (id. at 33-39); (XIII) "Defendant's Failure to Deposit Note" (*id.* at 39-40); (IX) "Plaintiff's Claim of Source of Funds" (id. at 40-41); (X) "Plaintiff's Demand for Documents as Provided by RESPA" (id. at 41-43); (XI) "Mortgage Fraud under the Uniform Fraudulent Transfer

---

[2]     The Court has reproduced the numbering used in the complaint.

Act at Chapter 923a Any Attempt to Sell, Reconvey, Assign Any Property Would Be a Violation of Uniform Mortgage Transfer Act" (id. at 43); (XII) "Any Attempt to Violate Any of the Following Will Be Guilty of Residential Mortgage Fraud" (id. at 44); (XIII) "Plaintiff's Demand for Writ in the Nature of Discovery" (id. at 44-46); (XIV) "Plaintiff Alleges Violations of TILA" (id. at 46-47); (XV) "Uniform Commercial Code and the Securities and Exchange Commission Code are the Legal Jurisdiction in this Securitization Defense" (id. at 47-48); (XVI) "Plaintiff's Claim of Authority as Secured Party Creditor and Sponsor of the Credit" (id. at 48-52); (XVII) "Financial Accounting Standards Board (FSAB [sic]) 95 Section" (id. at 52); (XVIII) "Plaintiff's Demand for Commercial Dishonor Settlement" (id. at 52-59); (XIX) "Quiet Title" (id. at 59); (XX) "Who is the Alleged Holder-in-Due-Course" (id. at 60-68); (XIX) "Defendant's Notice to Respond" (id. at 68-69); (XX) "Remedy" (id. at 69-70); (XXI) "Waiver of Tort" (id. at 70); "Warning" (id. at 70-71); (XXIII) "Damages Sought" (id. at 71-72); (XXIV) "Administrative Remedy Procedure" (id. at 73); (XXV) "Estoppel By Acquiescence" (id. at 73-75); (XXVI) "Accounting and True Bill" (id. at 75-77); and (XXVIII) "Deadline For Payment" (id. at 77-78).

On November 10, 2011, Defendants filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

(D.E. 5.)[3] Brewster responded to the motion on December 23, 2011. (D.E. 6.)[4] Defendants filed a reply on January 6, 2012. (D.E. 7.)

Before addressing Defendants' motion, it is first necessary to discuss the proper parties to this action. Plaintiffs are not suing on their own behalf but, rather, in a representative capacity. As previously noted, however, a *pro se* litigant can only represent his or her own interests. Brewster cannot proceed *pro se* on behalf of the estate of Patricia Brewster,[5] and Edwin:El cannot

---

[3] Pursuant to the Court's previous Local Rule ("LR") 4.1, summonses have not been issued. Because the case will be dismissed for the reasons stated herein, it is unnecessary to order Plaintiffs to effect service on Defendants.

[4] Brewster's response was purportedly filed on behalf of herself and Edwin:El, but a party in federal court must proceed either through licensed counsel or on his or her own behalf. *See* 28 U.S.C. § 1654. A *pro se* litigant can only represent her own interests, Shepherd v. Wellman, 313 F.3d 963, 970-71 (6th Cir. 2002), *reh'g denied* (Feb. 24, 2003), and can only sign pleadings on her own behalf, Garrison v. Fleet Fin., Inc., ___ F. App'x ___, 1999 WL 282626, at *1 (6th Cir. Apr. 30, 1999) ("The signing and filing of a notice of appeal on behalf of another by a person who is not a qualified attorney is ineffective to vest an appellate court with jurisdiction."); Johns v. Cnty. of San Diego, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear *pro se* on his own behalf, he has no authority to appear as an attorney for others than himself."); Cochran v. Nelson, ___ F. App'x ___, 1994 WL 28648, at *3 (6th Cir. Feb. 1, 1994) ("Because Virgil Cochran is not an attorney, he may not represent his son in federal court."); Peak v. Smith, ___ F. App'x ___, 1992 WL 60194, at *1 (6th Cir. Mar. 27, 1992) ("As an initial matter, we recognize this appeal as brought only by plaintiffs Peak and Crowhorn as they were the only parties to sign the notice of appeal. As plaintiff Duncan failed to sign the notice of appeal, he failed to effectuate an appeal. In addition, Peak and Crowhorn are not permitted to plead or conduct the case for others because they are not attorneys. Therefore, the only plaintiffs before this court as appellants are Peak and Crowhorn."), *cert. denied sub nom.* Crowhorn v. Smith, 505 U.S. 1208, 112 S. Ct. 3002, 120 L. Ed. 2d 877 (1992). Therefore, only Brewster has responded to the motion to dismiss.

[5] It is doubtful whether the Estate of Patricia Brewster is a proper party to this lawsuit. Brewster is, plainly, not dead and cannot act as the executor of her own estate. Even if that defect were overlooked, an executor of an estate cannot proceed *pro se* unless she is the sole beneficiary and the estate has no creditors. *See* Guest v. Hansen, 603 F.3d 15, 19 (2d Cir. 2010); Shepherd, 313 F.3d at 970 ("Gary Shepherd cannot proceed *pro se* with respect to the § 1983 action because he is not the sole beneficiary of the decedent's estate."). Wells Fargo is a creditor of Brewster. The Estate is also alleged to have undisclosed beneficiaries. (*See* D.E. 1 at 2.)

5

sue on behalf of Alloidal Asset Management unless it is a sole proprietorship. *See* Knoefler v. United Bank of Bismark, 20 F.3d 347, 348 (8th Cir. 1994), *reh'g & suggestion for reh'g en banc denied* (May 13, 1994); C.E. Pope Equity Tr. v. United States, 818 F.2d 696, 697-98 (9th Cir. 1987); Retired Persons Fin. Servs. Clients Restitution Tr. v. United States Attorney for N. Dist. of Tex., No. 3:03-CV-2658-D, 2004 WL 937170, at *1 (N.D. Tex. Apr. 29, 2004) (report & recommendation); Keyway Leasing Tr. v. United States, No. 1:98-CV-796, 1999 WL 810386, at *1 (W.D. Mich. Aug. 26, 1999). Had this matter continued, Plaintiffs would have been required to retain counsel if the Estate of Patricia Brewer or Alloidal Asset Management actually existed and had an interest in this suit.[6] Because they did not respond to the motion, the claims brought by Alloidal Asset Management and Edwin:El are DISMISSED pursuant to Federal Rule of Civil Procedure 41(b).

In their motion, Defendants assert that the complaint fails to comply with Fed. R. Civ. P. 8(a)(2) and that it should be dismissed under Rule 12(b)(6) for failure to state a claim on which relief may be granted. (D.E. 5-1.) In assessing whether the complaint in this case states a claim on which relief may be granted, the Court applies the standards under Rule 12(b)(6) as stated in Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) and in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "Accepting all well-pleaded allegations

---

[6] The complaint does not disclose that Alloidal Asset Management or Edwin:El have any interest in the property at issue or any claims against Defendants. Attached to the motion to dismiss is a copy of a deed of trust, which reflects that the borrowers were Kenneth Brewster and Patricia Brewster, as husband and wife. (D.E. 5-2.) Edwin:El also has not responded to the motion.

6

in the complaint as true, the Court considers the factual allegations in the complaint to determine if they plausibly suggest an entitlement to relief." Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks & alterations omitted). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679, 129 S. Ct. at 1950; *see also* Twombly, 550 U.S. at 555 n.3, 127 S. Ct. at 1965 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

Rule 8(a)(2) requires "[a] pleading that states a claim for relief" to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[7] Fed. R. Civ. P. 8(a). A complaint violates these provisions when it "is so verbose that the Court cannot identify with clarity the claim(s) of the pleader and adjudicate such claim(s) understandingly on the merits." Harrell v. Dirs. of Bur. of Narcotics & Dangerous Drugs, 70 F.R.D. 444, 446 (E.D. Tenn. 1975); *see also* Flayter v. Wis. Dep't of Corr., 16 F. App'x 507, 508-09 (7th Cir. 2001) (noting

---

[7] *See also* Fed. R. Civ. P. 8(d)(1) ("Each allegation must be simple, concise, and direct.").

that plaintiff's 116-page complaint violated Rule 8(a)(2)); <u>Vicom v. Harbridge Merch. Servs., Inc.</u>, 20 F.3d 771, 775-76 (7th Cir. 1994) (criticizing district court for declining to dismiss 119-page amended complaint with prejudice pursuant to Rule 8(a) and noting that "[a] complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation"); <u>Plymale v. Freeman</u>, ___ F. App'x ___, 1991 WL 54882, at *1 (6th Cir.) (district court did not abuse its discretion in dismissing with prejudice "rambling" 119-page complaint containing nonsensical claims on Rule 8 grounds), *cert. denied*, 502 U.S. 958, 112 S. Ct. 418, 116 L. Ed. 2d 438 (1991); <u>Jennings v. Emry</u>, 910 F.2d 1434, 1436 (7th Cir. 1990) ("A . . . complaint must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is. And it must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search of that understanding."); <u>Michaelis v. Neb. State Bar Ass'n</u>, 717 F.2d 437, 438-39 (8th Cir. 1983) (per curiam) (affirming dismissal of 98-page complaint where "[t]he style and prolixity of these pleadings would have made an orderly trial impossible"); <u>Gordon v. Green</u>, 602 F.2d 743, 744-45 (5th Cir. 1979) (4,000-page pleading, comprised of "various complaints, amendments, amended amendments, amendments to amended amendments, and other related papers," did not comply with Rule 8(a) "as a matter of law"); <u>Windsor v. A Fed. Exec. Agency</u>, 614 F. Supp. 1255, 1257-58

(M.D. Tenn. 1983) (ordering plaintiff to amend his complaint to comply with Rule 8 because a forty-seven-page complaint is not required to state a simple claim and because the complaint "is confusing and distracting"), *aff'd* ___ F. App'x ___, 1985 WL 13427 (6th Cir. June 27, 1985) (per curiam).

Federal courts have not hesitated to dismiss lawsuits by *pro se* litigants challenging foreclosures on this basis. For example, one district court in this circuit recently stated as follows:

> Even under the lenient standards governing *pro se* pleadings, Plaintiff's complaint in this case is an incomprehensible grab-bag of disjointed references to various statutes, treaties, legal doctrines, judicial rulings, and the like. Similarly, Plaintiff has eschewed any sort of straightforward response to Defendants' motions, and instead has submitted over 70 pages of documents bearing such captions as "affidavit of fact," "writ in the nature of discovery," and "legal notice of removal." The Court appreciates that the legal system can be difficult for a layperson to navigate, but the rules of pleading are designed to facilitate access to the courts by *pro se* litigants without the need for specialized legal training or expertise, requiring only a "short and plain statement" of the grounds for relief. Plaintiff has made no effort to satisfy this standard, but instead appears intent on obscuring the nature of and factual basis for his claims in this case. Moreover, he cites a litany of state and federal laws — *e.g.*, criminal statutes that do not confer a private right of action — without any attempt to allege facts that might forge a link between these laws and a viable cause of action.
>
> Under this record, no amount of liberal construction of Plaintiff's *pro se* submissions can rescue this suit from dismissal. While it is evident that Plaintiff is dissatisfied with the outcome of the state court tax foreclosure and landlord/tenant proceedings, it is far less clear how he proposes to forge a link between this dissatisfaction and a viable cause of action that lies within this Court's subject matter jurisdiction. Instead, for the reasons identified in Defendants' motions and discussed above, the Court finds that Plaintiff's complaint must be dismissed.

Nassar El v. Smith, No. 11-11957, 2012 WL 313985, at *3 (E.D. Mich. Jan. 31, 2012) (internal citations omitted); *see also* Samples v. Bank of Am., N.A., No. 3:12-CV-44, 2012 WL 1309135, at *3 (E.D. Tenn. Apr. 16, 2012) (dismissing complaint under Rules 8(a) and 12(b)(6) where "[t]he specific factual allegations of the complaint consist of, at most, two sentences relating to the Property and the origination of plaintiff's loan" and the remainder of the complaint addresses "the mortgage industry, mortgage-backed securities, and allegations of misconduct against the mortgage industry and its processes as a whole" with no discussion of the allegedly wrongful conduct of the defendant and its impact on plaintiffs); Bajwa v. John Adams Mortg. Co., No. 11-CV-12183-DT, 2011 WL 6009266, at *5 (E.D. Mich. Nov. 30, 2011) (dismissing certain claims in action challenging a foreclosure as incomprehensible); Smith v. MERS, No. 10-12508, 2011 WL 4469148, at *3-4 (E.D. Mich. Aug. 4, 2011) (noting "it is not the role of the court to guess the nature of the claim(s) asserted"), *report & recommendation adopted by* 2011 WL 4479481 (E.D. Mich. Sept. 27, 2011); Sherman v. Saxon Mortg. Servs., Inc., No. 10-2282-STA-tmp, 2010 WL 2465459, at *5 (W.D. Tenn. June 14, 2010) (dismissing *pro se* complaint on numerous grounds, including failure to comply with Rule 8(a)).

As Defendants note, Plaintiffs' complaint is incomprehensible. It is not explained how Edwin:El has standing to sue. (D.E. 5-1 at 1-2.) No basis is offered for why Plaintiff Brewster is suing as the "Grantor" of her estate. (*Id.* at 2.) The complaint "lacks any identifiable allegations to inform the purpose or nature of the

lawsuit" and "not a single coherent claim can be readily identified." (*Id.; see also id.* at 5.) Despite scattered references to various federal statutes, such as 18 U.S.C. § 241 (Compl. at 22-23), 18 U.S.C. § 242 (Compl. at 23-24), the Truth in Lending Act (Compl. at 11, 26, 35), the "National Banking Act, House Joint Resolution-102 of June 5, 1933 and public [sic] Law 73-10" (Compl. at 27), the Privacy Act, 5 U.S.C. " 552(b)(4) (Compl. at 32, 35), and the Real Estate Settlement Practices Act (Compl. at 41), the complaint does not assert a coherent claim under any of these statutes.[8]

Brewster's response to the motion to dismiss was not timely, and she has not explained her belatedness or her failure to request an enlargement of time.[9] In her response, Plaintiff does not explain how Edwin:El has standing to sue or why she is suing as a "Grantor" of her estate. Brewster also does not argue that her complaint satisfies the requirements of Rule 8(a)(2) or that one or more of the claims asserted are colorable. Instead, Brewster states that she and Edwin:El "have stated a complaint and will restate it in a plain sentence to aid in understandability":

---

[8] Plaintiff cannot sue Defendants under 18 U.S.C. §§ 241 and 242, which are federal criminal statutes. In general, criminal statutes do not give rise to a private cause of action and cannot be a basis for a private civil action. Walker v. Hastings, Civ. No. 09-CV-074-ART, 2009 WL 2914402, at *4 (E.D. Ky. Sept. 4, 2009). There is no private right of action under 18 U.S.C. §§ 241 and 242. Booth v. Henson, 290 F. App'x 919, 920-21 (6th Cir. 2008); United States v. Oguaju, 76 F. App'x 579, 581 (6th Cir. 2003).

[9] A response to a motion to dismiss is due twenty-eight days after service of the motion. LR 12.1(b). Three days are added because of the manner of service. Fed. R. Civ. P. 6(d). The motion to dismiss was served on Plaintiffs by first class mail on November 10, 2011. (D.E. 5 at 2.) The Court will exercise its discretion, *in this instance only*, to consider the late-filed response.

"[l]oan has been subjected to securitization and that is the reason why Wells Fargo can not present the 'original note,' they do not have it because they no longer own it. Therefore had no standing to foreclose, and that is why it is respectfully requested this Motion to Dismiss be denied." (D.E. 6 at 2.) No explanation is supplied for why securitization of a loan destroys standing to sue.[10] As noted in the reply (D.E. 7 at 2), the argument presented in the response to the motion to dismiss was not coherently stated in the complaint and, therefore, it may not be considered in evaluating the sufficiency of the pleading. Brewster also has not offered to file an amended complaint that states a colorable claim.

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss and dismisses the complaint with prejudice. Judgment shall be entered for Defendants.

The Court must also consider whether Plaintiffs should be allowed to appeal this decision *in forma pauperis*, should they seek to do so. The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis*, whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

---

[10] The explanation in the complaint is incoherent. (*See* Compl. at 6-10.) The pleading also asserts a claim seeking production of the note, but the legal theory is indecipherable. (*See id.* at 26-27.)

Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). *See* Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that a party who was permitted to proceed *in forma pauperis* in the district court may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith . . . or . . . finds that the party is not otherwise entitled to proceed in forma pauperis." Fed. R. App. P. 24(a)(3)-(4). If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the court of appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id., 82 S. Ct. at 921. The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiffs would not be taken in good faith and

Plaintiff may not proceed on appeal *in forma pauperis*. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED.[11]

IT IS SO ORDERED this 12th day of September 2012.

                                            s/ J. DANIEL BREEN
                                            UNITED STATES DISTRICT JUDGE

---

[11] If Plaintiffs file a notice of appeal, they must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty days.